**In Re Petition for DISCIPLINARY ACTION AGAINST Kelly P. CALLAHAN, an Attorney at Law of the State of Minnesota.**

No. C4–00–1608.

Supreme Court of Minnesota.

Oct. 5, 2000.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Kelly P. Callahan committed professional misconduct warranting public discipline. Specifically, the petition alleges that respondent neglected a client family's personal injury cases, failed to respond to discovery, failed to appear at a motion hearing, and failed to communicate information about the hearing to his clients; neglected another client's personal injury case, failed to settle or initiate a lawsuit within the statutory limitations period, and failed to communicate with the client; and failed to cooperate with the disciplinary investigation for eight months and misled the Director regarding the second neglected personal injury case. The alleged misconduct violates Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 3.2, 8.1(a)(1), 8.1(a)(3), and 8.4(d).

Respondent admits the facts stated in the petition and admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is an indefinite suspension from the practice of law and payment of $900 in costs pursuant to Rule 24, RLPR.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent Kelly P. Callahan is immediately indefinitely suspended from the practice of law and must pay $900 in costs pursuant to Rule 24, RLPR. Respondent may petition for reinstatement at any time, but shall comply with the petition and hearing provisions of Rule 18(a) through (d), RLPR. Respondent shall also successfully complete the professional responsibility portion of the bar examination and satisfy the continuing legal education requirements, both pursuant to Rule 18(e), RLPR, before he may be reinstated.

BY THE COURT:
Alan C. Page
Associate Justice